On original deliverance, we remanded this cause for the trial court's reconsideration of the City's new trial motion and limited such consideration to those grounds argued before this Court. We take this opportunity to clarify those issues that need to be resolved by the trial court.
We held that there was evidence that the officers were negligent while acting in the line and scope of their duty and, thus, that the City could have been held vicariously liable; therefore, the City's judgment notwithstanding the verdict was reversed. The jury verdict for the officers and against the City could not be reconciled if the only claim against the City was predicated on the underlying negligence of the officers. Apparently, however, the plaintiff also pursued a claim against the City for its independent negligence in improperly training the officers.
Before the trial court can grant a new trial based upon the apparent inconsistency of the verdicts, it must resolve the question of whether the evidence supported a claim against the City for its independent negligence. Only if such a claim was not sustained by the evidence could the trial court grant a new trial for the apparent inconsistency. The trial court must also determine whether its oral charge concerning Code 1975, §36-21-46, which was apparently directed to the claim of negligent training, was erroneous.
If the trial court resolves these two issues favorably to the plaintiff, the appropriate action will be the reinstatement of the verdict and the judgment entered thereon. Otherwise, the trial court will grant a new trial, specifying the grounds made the basis of its new trial order.
OPINION EXTENDED; APPLICATION OVERRULED. *Page 524 
TORBERT, C.J., and JONES, SHORES, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., concurs specially.
BEATTY, J., concurs in the result.